UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERVIN R. JEANTY,

Plaintiff,

-against-

44 GRAND STREET REALTY CORP.; RONALD HARBOLIC, C.E.O.; COMMUNITY HOUSING INNOVATIONS, INC.; RON ABAD, C.E.O.; JAMAL "JOHN DOE #1," SUPERVISOR; DREA "JANE DOE #2," EMPLOYEE; COUNTY OF ORANGE; SHARAF "JANE DOE #3," CASE WORKER; GREEN "JOHN DOE #4," SUPERVISOR; CITY OF NEWBURGH; MAX ESTEVEZ; JOSUE ENCARNACION; NEW YORK STATE; DANIEL F. MARTUSCELLO, COMMISSIONER; SELENA REED, PAROLE OFFICER,

Defendants.

25-CV-3065 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Kervin R. Jeanty, who is proceeding *pro se*, brings this action under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that Defendants failed to provide him with adequate assistance after his release from prison, provided unsanitary conditions inside emergency housing, and wrongfully evicted him from emergency housing. The Court liberally construes the complaint as asserting additionally claims under Title III of the Americans with Disabilities Act and under state law.

Plaintiff names the following governmental entities, employees, and officers as Defendants ("Governmental Defendants"): (1) County of Orange; (2) City of Newburgh; (3) the State of New York; (4) Daniel F. Martuscello III, the Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); and (5) Selena Reed, a

DOCCS parole officer. He also names as Defendants a series of private persons and entities ("Private Defendants"): (6) 44 Grand Street Realty Corp.; (7) Ronald Harbolic, the Chief Executive Officer ("CEO") of 44 Grand Street Realty Corp.; (8) Community Housing Innovations Inc. ("CHI"); (9) Ron Abad, the CEO of CHI; (10) Jamal "John Doe #1," an unidentified supervisor at 44 Grand Street Realty Corp.; (11) Drea "Jane Doe #2," an employee at 44 Grand Street Realty Corp.; (12) Sharaf "Jane Doe #3," a "case worker"; (13) Green "John Doe #4," a "supervisor"; (14) Max Estevez; and (15) Josue Encarnacion. Plaintiff seeks $50 million in monetary relief.

By order dated April 17, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se*

pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts, which allegedly took place in Newburgh, New York, from January 10, 2025, to April 9, 2025, are drawn from the complaint.[1] On January 9, 2025, Plaintiff was discharged from state prison and thereafter applied for "emergency housing, food stamps, and temporary assistance / cash assistance." (ECF No. 1, at 8.) Sharaf, who Plaintiff identifies as a "case worker," did not approve Plaintiff's application for cash assistance between January 10, 2025, and March 1, 2025. Accordingly, on March 1, 2025, Plaintiff requested a fair hearing regarding the apparent denial of cash assistance. (*Id.*)

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

Plaintiff resided at 44 Grand Street, in a private room, beginning on January 10, 2025. On March 10, 2025, he complained to Jamal, who appears to be a "supervisor" at 44 Grand Street Realty Corp., about a mouse infestation in the residence. About a month later, Sharaf informed Plaintiff that he needed to leave the residence because his private room was needed for another person. Plaintiff reported the impending eviction to his DOCCS parole officer, Selena Reed, and she advised Plaintiff to seek assistance from the same place that the County of Orange's Department of Social Services ("DSS") referred him to, which Plaintiff does not identify. (*Id.*)

On April 4, 2025, Plaintiff went to a housing provider called Newburgh Ministry; its staff told Plaintiff that it had no beds available and advised him to contact 311 and DSS to secure housing. Although Plaintiff does not explicitly state, it appears that he was thereafter housed at Newburgh Ministry. Three days later, Green— a "supervisor"—gave Plaintiff a notice informing him that his housing would be terminated in 10 days because of Plaintiff's alleged violation of curfew rules at Newburgh Ministry. On April 8, 2025, Plaintiff filed an "illegal lockout petition" in an unspecified forum and attempted to serve it on Green, who tossed the legal papers back at Plaintiff. (*Id.*)

Plaintiff also asked Sharaf and Green for a private room as a reasonable accommodation for an unspecified disability, but they denied it. (*Id.*)

## DISCUSSION

### A. Sovereign immunity

Plaintiff names the State of New York as a Defendant and seeks damages from it. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The State of New York has not waived its Eleventh Amendment immunity to suit in federal court, and

Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's claims for monetary relief against the State of New York are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B. 42 U.S.C. § 1983**

Plaintiff asserts claims under 42 U.S.C. § 1983 against both the Governmental Defendants and the Private Defendants. The Court considers the Section 1983 claims against both groups of Defendants (not including the State of New York) in turn.

**1. Governmental Defendants**

Plaintiff asserts Section 1983 claims against Commissioner Martuscello and Parole Officer Reed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under Section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that Martuscello or Reed were personally involved in the events underlying his claims, namely, the alleged denial of housing and the

provision of unsanitary housing. First, Plaintiff makes no allegation whatsoever against Martuscello. Because Plaintiff does not allege any facts from which the Court can conclude that Martuscello violated his rights, the Court dismisses the Section 1983 claims against him for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Second, Plaintiff's only allegation against Reed is that she, in response to a complaint about the Private Defendants' housing and the conditions in them, directed Plaintiff to seek assistance from DSS. Plaintiff includes no facts from which the Court can infer that Reed, a parole officer, had any constitutional obligation, or even had the authority, to ensure that Plaintiff receives stable housing upon his release from state prison. *See generally Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality. . . ."); *see also Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2012) (explaining that no government officer has any "obligation to provide adequate housing" under the federal constitution). Plaintiff therefore fails to state a Section 1983 claim against Reed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also asserts Section 1983 claims against the City of Newburgh and the County of Orange, both of which are municipalities. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

In the complaint, Plaintiff makes no allegations at all against either the City of Newburgh or the County of Orange. His allegations are insufficient for the Court to infer that a municipal policy of practice of either of these Defendants caused a violation of his constitutional rights. Plaintiff's Section 1983 claims against the municipalities are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Private Defendants**

Plaintiff also asserts Section 1983 claims against the Private Defendants. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir.

2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Neither the receipt of public funds nor the existence of a regulatory scheme governing the entity's activities, without more, make a private entity's conduct into state action. *See Rendell-Baker v. Kohn,* 457 U.S. 830, 840-41 (1982); *Horvath v. Westport Library Ass' n*, 362 F.3d 147, 152 (2d Cir. 2004) (noting that a "predominance of public funding" is not conclusive proof of state action).

The activity of a private entity may be considered state action for the purpose of Section 1983 liability in the following situations: (1) when the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) when the state provides significant encouragement to the entity, the entity willfully participates in joint activity with the state, or the entity's functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) when the state has delegated a public function to the entity (the "public function test"). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

The fundamental question under each test is whether the private person or entity's challenged actions are "fairly attributable" to a state or local government. *Id.* (quoting *Rendell-Baker*, 457 U.S. at 838 ). When analyzing whether a private person or entity functions as a state actor under Section 1983, a court must first "identify[ ] the specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted).

In the complaint, Plaintiff provides no plausible, non-conclusory allegations suggesting that the Private Defendants' conduct alleged in the complaint was "fairly attributable" to a state or local government. *See Fabrikant*, 691 F.3d at 207. His allegations do not allow the Court to

infer that that any Private Defendant in this action was a "state actor" for purposes of Section 1983. The Court therefore dismisses, for failure to state a claim, all claims under Section 1983 against the Private Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. 42 U.S.C. §§ 1985 and 1986**

Plaintiff also asserts claims under 42 U.S.C. §§ 1985(3) and 1986. To state a claim under Section 1985(3), a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp*., 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)).

Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff fails to state a claim for conspiracy under Section 1985. Plaintiff alleges no specific, nonconclusory facts suggesting that Defendants or anyone else entered into an agreement to deprive Plaintiff of his civil rights or took any overt act directed towards those ends. He also fails to set forth any facts suggesting that Defendants' conduct was motivated by their animus on the basis of Plaintiff's race, color, or other protected characteristic, or that it resulted in a denial of his rights. The Court therefore dismisses Plaintiff's claims under Section

1985 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1986 provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian*, 7 F.3d at 1088 (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir. 1989)). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978)).

The Court therefore also dismisses Plaintiff Section 1986 claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Title III of the ADA**

Plaintiff alleges that he requested a "reasonable accommodation," in the form of a private room, from two of the Private Defendants: Sharaf and Green. The Court liberally construes Plaintiff's allegations as asserting claims of disability discrimination under Title III of the ADA, against Sharaf and Green's employer(s), which Plaintiff does not identify.

Title III, which applies to any person "who owns, leases (or leases to), or operates a place of public accommodation," prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."[2] 42 U.S.C. § 12182(a).

---

[2] For the purposes of this order, the Court assumes that Sharaf's and Green's employer(s), which apparently operate shelters and emergency housing, would be proper defendants under Title III, once they are identified. *See* 42 U.S.C. § 12181(7)(K) ("[P]rivate entities are considered public accommodations . . . if the operations of such entities affect commerce," including "homeless shelter[s] . . . or other social service center establishment[s]."); 28 C.F.R. § 36.104 (including "homeless shelter" as a "place of lodging" covered by Title III).

In evaluating Plaintiff's ADA claim, the Court must first resolve the threshold issue of whether the complaint shows that Plaintiff is a person with a disability, or is regarded as having a disability, within the meaning of the ADA. For ADA purposes, a disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *see also Bragdon v. Abbott*, 524 U.S. 624, 637-39 (1998) (concluding that asymptomatic human immunodeficiency virus, or HIV, is covered by the ADA because it "substantially limits" the person's ability to reproduce, which is a "major life activit[y]").

Plaintiff fails to state a claim under Title III of the ADA. He does not allege that he has a disability or provide any allegations suggesting that he does. He also fails to allege facts suggesting that any Defendant regarded him as having a disability. Because Plaintiff fails to include any facts showing that he is disabled, is regarded as disabled, or that his alleged disability substantially limits a major life activity, he fails to state a claim under the ADA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, Plaintiff includes no allegations about how his requested accommodation—a private room—is required in order for him to have "equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of the housing provider. *See* 42 U.S.C. § 12182(a). Plaintiff therefore fails to state a claim under the ADA.

**E. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims under Section 1983 or Title III of the ADA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiff's federal-law claims for failure to state a claim on which relief may be granted and for seeking monetary relief from a Defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also declines to consider, under its supplemental jurisdiction,

Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3). The Court, however, grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above.

An amended complaint form is attached to this order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter as judgment dismissing this action for the reasons set forth int his order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 3, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________________

______________________________________________

Write the full name of each plaintiff.

_____CV_______________
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

______________________________________________

______________________________________________

______________________________________________

______________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

__________________________________________________________

__________________________________________________________

__________________________________________________________

__________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ____________________________________, is a citizen of the State of
(Plaintiff's name)

________________________________________

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

___________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ________________________________, is a citizen of the State of
(Defendant's name)

____________________________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

____________________________________________.

If the defendant is a corporation:

The defendant, ____________________________, is incorporated under the laws of

the State of ____________________________________

and has its principal place of business in the State of ____________________________

or is incorporated under the laws of (foreign state) ____________________________

and has its principal place of business in ____________________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.